# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY DOUGLAS,**

    Plaintiff,

v.                               Civil Action No.: 2:04-CV-85 (MAXWELL)

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER

The Plaintiff, Anthony G. Douglas, instituted the above-styled action in this Court on November 15, 2004, seeking judicial review of an adverse decision by the Defendant, the Commissioner of the Social Security Administration, pursuant to 42 U.S.C. § 405(g).

The Answer Of The Federal Defendant was filed on January 19, 2005, and, by Order entered January 31, 2005, the Court instructed the parties to file their cross motions for summary judgment, in accordance with the deadlines established by Local Rule of Procedure 83.12.

The Plaintiff's Motion For Summary Judgment and Brief In Support thereof were filed on February 17, 2005, and the Defendant's Motion For Summary Judgment and Brief In Support thereof were filed on March 21, 2005. The Plaintiff's Response To Defendant's Motion For Summary Judgment was filed on April 8, 2005.

By Order entered April 28, 2005, the Court referred the cross-motions for summary judgment to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72 of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local

Rules of Civil Procedure, with directions to consider the same and to submit to the Court proposed findings of fact and a recommendation for disposition.

On January 9, 2006, Magistrate Judge Seibert filed his Report And Recommendation, wherein he recommended that the Plaintiff's Motion For Summary Judgment be denied and the Defendant's Motion For Summary Judgment be granted. Specifically, Magistrate Judge Seibert found that the Administrative Law Judge properly evaluated and weighed the expert opinions contained in the record; that the Administrative Law Judge properly assessed Mr. Douglas's credibility; that the Administrative Law Judge properly evaluated the opinions of the vocational rehabilitation counselors; that the Administrative Law Judge properly considered Mr. Douglas's personality disorder; and that the Administrative Law Judge met his burden at Step Five of the Sequential Analysis.

Magistrate Judge Seibert's Report And Recommendation expressly directed the parties, in accordance with 28 U.S.C. § 636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation. Said Report And Recommendation further advised the parties that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

On January 24, 2006, the Plaintiff's Objections To The Report And Recommendation Of The Magistrate Judge was filed with the Court. In his Objection, the Plaintiff objects to the Magistrate Judge's findings regarding the evaluation and weighing of the expert opinions; the Magistrate Judge's findings regarding credibility; the Magistrate Judge's findings regarding the opinions of the vocational rehabilitation counselors; the Magistrate Judge's findings regarding Mr.

Douglas's personality disorder; and the Magistrate Judge's finding that the Administrative Law Judge met his burden at Step Five of the Sequential Analysis.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which an objection is made. After reviewing Magistrate Judge Seibert's Report And Recommendation; the Plaintiff's Objections To The Report And Recommendation Of The Magistrate Judge; and the entire record in this matter, this Court believes that, for the following reasons, it is appropriate to reject the Magistrate Judge's Report And Recommendation and to remand this matter back to the Commissioner.

### I. *The Administrative Law Judge erred by failing to properly evaluate and weigh the expert opinions contained in the record.*

The Court notes that the record in this case includes a number of experts that examined Mr. Douglas and provided opinions. In his Decision, the Administrative Law Judge rejected the opinions of the Plaintiff's treating and examining experts in favor of the opinions of the Administration's reviewing psychologists. While these reviewing psychologists are considered highly qualified experts, the Court finds that the Administrative Law Judge erred by giving great weight to these opinions in this case, because it is clear that these opinions were not based on a review of the entire record.

The Court finds that the most complete and thorough evaluation in the record was completed by the psychologists, Robert J. Klein, Ed.D., and Brenda Hinkle, M.A., at Family & Marital Counseling. This evaluation is located at Exhibit 9F (Tr. 165-170). These psychologists saw the Plaintiff on four occasions; performed a clinical interview and mental status evaluation; performed a complete records review, considered all of the psychological evidence; performed additional psychological testing; and offered an opinion on the Plaintiff's deficits. Dr. Klein and Ms. Hinkle confirmed that the Plaintiff suffers from Borderline Intellectual Functioning and a

Personality Disorder. Furthermore, their testing of the Plaintiff's adaptive functioning indicated that his adaptive functioning skills were in the "extremely low range" and that he was considered "not able to live independently without being in a highly supportive living environment." The psychologists offered their opinions through the Social Security Administration's proscribed forms, the Mental Residual Functional Capacity form and the Psychiatric Review Technique.

This Court finds that the Administrative Law Judge erred in giving this opinion little weight. In his Decision, the Administrative Law Judge erroneously held that the Klein/Hinkle opinion was based primarily on the results of the adaptive functioning testing. The Klein/Hinkle opinion demonstrates that they performed a battery of psychological tests and reviewed all of Mr. Douglas's records as part of this evaluation. Taking into account the entire record, this Court cannot agree that the Klein/Hinkle opinion is inconsistent with the substantial evidence in this case.

In upholding the Administrative Law Judge's Decision, the Magistrate Judge gave undue deference to the Administrative Law Judge's findings. While the Magistrate Judge correctly states that it is the duty of the Administrative Law Judge, and not this Court, to resolve the conflicts in the evidence, this Court must examine the Administrative Law Judge's Decision to determine that it is both supported by substantial evidence and based upon a correct application of the relevant law. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Under the Magistrate's handling of this case, any Administrative Law Judge would be free to simply choose between the various experts, regardless of the individual merits of the evaluators or their reports, without the possibility of review by this Court. Clearly, an Administrative Law Judge's powers are not so broad.

In addition giving undue deference to the Administrative Law Judge's evidentiary findings, the Magistrate Judge failed to apply the correct standard of law. After rejecting the Klein/Hinkle opinion, the Administrative Law Judge gave "significant weight" to the opinions of the State

Agency's reviewing psychologists (Tr. 25). As the Plaintiff has correctly argued, these opinions were not based on a review of the complete record. Social Security Ruling ("SSR") 96-6p sets forth limited circumstances in which the ALJ may give them greater weight:

> In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. For example, the opinion of a State agency medical or psychological consultant or other program physician or psychologist may be entitled to greater weight than a treating source's medical opinion *if the State agency medical or psychological consultant's opinion is based on a review of a complete case record* that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

SSR 96-6p (Emphasis added).

The reviewing opinions relied upon by the Administrative Law Judge cannot be given greater weight because these reviewers did not review a substantial amount of the record. At a minimum, the reviewers did not consider Exhibits 9F, 10F, 11F, 14F, 15F, and 10E, which were all submitted after the State Agency reviewers had offered their opinions, and these unreviewed exhibits include records from almost two (2) years of unsuccessful vocational rehabilitation, as well as the Smith/Klein report, which included opinions based upon additional testing not considered by any of the State Agency reviewers.

After reviewing the entire record, this Court concludes that the Magistrate Judge erred in upholding the Administrative Law Judge's evaluation and weighing of the expert opinions. The Administrative Law Judge erroneously gave great weight to the reviewing opinions that had not considered the entire record, in violation of SSR 96-6p. In light of this fact, the Court finds that the Administrative Law Judge's conclusion is neither supported by substantial evidence nor based upon a correct application of the relevant law. As such, this Court must order that this matter be remanded to the Commissioner for a proper consideration of the evidence.

**II.** *The Administrative Law Judge erred by failing to conduct a proper credibility analysis, as required by SSR 96-7p.*

In his prior filings, the Plaintiff argued that the foundation of the Administrative Law Judge's denial rests upon a faulty credibility analysis. This Court agrees.

In Craig v. Chater, 76 F.3d 585 (4th Cir. 1996), the Fourth Circuit adopted the Commissioner's procedure, as set forth in SSR 96-7p, for evaluating the credibility of a claimant:

> Under these regulations, the determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged.*

Craig v. Chater, 76 F.3d at 594 (Citations omitted)(Emphasis in original).

> It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated. *See* 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1).

Id. at 595 (Emphasis is original). The failure to conduct this analysis is reversible error.

As with the previous issue, the Court finds that the Magistrate Judge erred by affording the Administrative Law Judge with more deference than is appropriate. In his Report And Recommendation, the Magistrate Judge states that the "ALJ was in the best position to observe Claimant at the hearing and evaluate his credibility" (Mag's Rep. at 21). While the Magistrate Judge's statement may be an accurate description of the role of finders of fact in more traditional trial settings, his statement is erroneous in this Social Security setting. In Social Security cases, a claimant's credibility is not determined by the claimant's appearance at his or her hearing but through the application of the two-step analysis set forth in Craig v. Chater. Indeed, the idea that Administrative Law Judges should be basing their credibility findings upon a claimant's appearance at a hearing has long since been disfavored in the Fourth Circuit, as such "sit and squirm"

6

jurisprudence "may encourage claimants to manufacture convincing observable manifestations of pain or, worse yet, discourage them from exercising the right to appear before an Administrative Law Judge for fear that they may not appear to the unexpert eye to be as bad as they feel." Jenkins v. Bowen, 819 F.2d 1138, 1987 (4th Cir. 1987)(Unpublished opinion).

In this case, the Administrative Law Judge based a substantial portion of his Decision upon his finding that Mr. Douglas was not fully credible. If there is to be meaningful review of this Administrative Law Judge's Decision, this Court must determine whether the Administrative Law Judge's conclusion is supported by substantial evidence. Upon performing such a review, the Court finds that the Administrative Law Judge failed to perform the required two-step analysis. Instead, the Administrative Law Judge wrote, "[t]he record indicates that the claimant has borderline intellectual functioning, learning disability and a personality disorder, impairments that could reasonably be expected to produce the symptoms alleged. ... However, the claimant is not entirely credible to the extent he is incapable of performing even unskilled work in light of the medical and other evidence" (Tr. 22).

Here, the Administrative Law Judge performs the first step of the required analysis, but he fails to perform the second step, instead supplying the sort of conclusory statement that is expressly prohibited by SSR 96-7p:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

In reviewing the Administrative Law Judge's Decision, the Court finds that the Administrative Law

Judge fails to set forth specific reasons, supportable by substantial evidence, for his ultimate credibility finding. Interestingly, the Administrative Law Judge actually begins by listing several areas of normal life wherein Mr. Douglas is severely deficient. For instance, the ALJ recites that he was in special education; that he had two short and failed attempts at higher education; that he required eight attempts and an oral exam to get a driver's license; that he cannot write checks or manage a checkbook; and that the psychological tests confirmed poor concentration and memory deficits (Tr. 22).

Apparently to combat these deficiencies, the Administrative Law Judge next comments on the Plaintiff's activities of daily living, stating,

> The claimant is capable of preparing simple meals, vacuuming and washing dishes, grocery shopping, driving, and going out to eat or to the post office. He is able to read magazines, follow a television program or church service, listen to music, and play musical instruments (Exhibits 5E, 4F, 9F). These activities demonstrate the claimant retains sufficient ability to understand, remember and carry out simple, one to two-step instructions

(Tr. 22). The Plaintiff has argued that, in his recitation of the Plaintiff's activities, the Administrative Law Judge misstated the facts, as they appear in these Exhibits. The Court has reviewed these Exhibits, and it finds that the Plaintiff is correct.

The Exhibits relied upon by the Administrative Law Judge, and Exhibit 6E in particular, indicate the Plaintiff can prepare simple meals but that he needs help from his mother in preparing frozen waffles, pop tarts, cereal, sandwiches, and soups (Tr. 93). Similarly, Exhibit 6E states he needs assistance from his mother with activities such as vacuuming, washing the car, washing dishes and taking out the trash (Id.). It also indicates that he "sometimes" goes to church with his mother and says nothing about following the service (Tr. 95). Exhibits 4F and 9F are psychological evaluations, and neither indicate that Mr. Douglas's activities are what the Administrative Law Judge suggests they are. Rather, both indicate that Mr. Douglas is not

8

capable of performing activities at the level performed by normal functioning adults (See Tr. 134-140; 165-170).

Furthermore, the Administrative Law Judge's Decision fails to demonstrate how he makes his jump from these limited activities to his conclusion that the Plaintiff can "understand, remember and carry out simple, one to two-step instructions." In accordance with SSR 96-7p, the Administrative Law Judge's Decision must contain specific reasons for his finding on credibility, supported by the evidence in the case record. Here, the Administrative Law Judge's reasoning is not apparent, particularly in light of the fact that the Plaintiff's adaptive functioning was objectively tested and found to be at such a low level that he is unable to live independently (Tr. 170). The Administrative Law Judge also fails to set forth any explanation as to how he equates Mr. Douglas's meager daily activities to maintaining competitive, full-time employment.

Finally, as the Plaintiff correctly points out, the Administrative Law Judge incorrectly represented the Plaintiff's history relative to filing for Social Security benefits. In his Decision, the Administrative Law Judge stated that the Plaintiff "did not previously file an application for disability benefits" (Tr. 20). In reality, the Plaintiff did file for auxiliary childhood benefits, based on these same conditions, and he was awarded benefits by a decision dated April 19, 1990 (Tr. 71-94). The uncontroverted evidence in this case is that Mr. Douglas voluntarily discontinued these benefits in order to make an attempt at working. He tried to work, but, despite nearly two years of rehabilitative services, he failed. The Court finds that these facts, if anything, work in favor of the Plaintiff's credibility.

Having considered the entire record, this Court finds that the credibility finding of the Administrative law Judge is not supported by substantial evidence and must be reversed. As such, this Court must order that this matter be remanded to the Commissioner for a proper

consideration of the Plaintiff's credibility.

### III. *The Administrative Law Judge erred by improperly rejecting and failing to consider and weigh the opinions of the vocational rehabilitation counselors.*

In his Decision, the Administrative Law Judge rejected the opinion of Nick Biafore, Certified Rehabilitation Counselor for the West Virginia Division of Rehabilitative Services, and failed to discuss the opinion of Rebekah Lynch-Cantes, Vocational Evaluator. The Plaintiff has argued that the Administrative Law Judge committed reversible error by failing to give due consideration to these vocational opinions. In his Objections to the Magistrate Judge's Report And Recommendation, the Plaintiff argues that the Magistrate Judge gave too much deference to the Administrative Law Judge's statements that he had considered the reports, when the weight of the record suggests otherwise. In reviewing this record, the Court is inclined to agree with the Plaintiff.

Mr. Biafore worked with the Plaintiff for nearly two years, from January 24, 2001, through December 17, 2002, providing rehabilitation services in an effort to place him in competitive employment. Based on his efforts, Mr. Biafore provided a well-reasoned opinion, stating that he could not rehabilitate the Plaintiff for competitive employment (Tr. 104-112). Mr. Biafore's opinion supplies his actual observations of the Plaintiff's abilities in the context of almost two years of trying to place him in unskilled, entry-level jobs. It impresses the Court that the limitations described by Mr. Biafore are not mere predictions of how the Plaintiff might function in simple, unskilled work; rather, the described limitations are based upon the actual limitations displayed by the Plaintiff during his unsuccessful attempts at performing those jobs.

In his Decision, the ALJ writes,

> Nick Biafore, a rehabilitation counselor, completed an assessment that reflects the claimant poor or no ability to make occupational, performance-social adjustments (sic) (Exhibit 10E). While consideration has been given the information provided by this source, the conclusions indicated in this assessment are not supported by his

> own records or elsewhere in the record. Further, this is not a medical opinion
> entitled to weight under the Regulations.

(Tr. 25). Here, the Court agrees that the Administrative Law Judge committed at least two errors. First, while the Administrative Law Judge states that consideration was given, he makes no mention of the actual weight given the opinion. Similarly, he fails to set forth any specifics regarding the inconsistencies he found to taint the opinion, thus making it impossible for this Court to provide effective judicial review of his conclusion. Second, the Administrative Law Judge's statement that this opinion, as a non-medical opinion, is not entitled to weight is clearly erroneous. His statement ignores that the Federal Regulations provide for the consideration of "other sources," such as Mr. Biafore. See 20 C.F.R. § 404.1513(d).

The Administrative Law Judge found that the Plaintiff could perform "unskilled, low-stress, entry level jobs." This finding flies in the face of a professional opinion of the trained rehabilitation specialist with two years of hands-on experience with this Plaintiff. If the Administrative Law Judge is going to dismiss such an opinion, he must set forth clear and supportable reasons for doing so. He may not simply dismiss the opinion with a conclusory remark that he has considered it. Furthermore, the Administrative Law Judge's opinion cannot be said to be supported by substantial evidence when he has failed to address critical pieces of evidence, such as the report of Rebekah Lynch-Cantes, a Vocational Evaluator who administered several testing instruments in evaluating this Plaintiff. In reviewing the Magistrate Judge's Report And Recommendation, the Court concludes that the Magistrate Judge gave undue deference to the Administrative Law Judge's representations regarding this important vocational evidence.

### IV. *The Administrative Law Judge committed reversible error in his consideration of the Plaintiff's psychological impairments.*

The Court finds that there is uncontroverted evidence that the Plaintiff suffers from

Borderline Intellectual Functioning and Personality Disorder NOS. The Plaintiff argues that these conditions severely limit the type of jobs he is able to perform. The Plaintiff argues that this combination of disorders causes the Plaintiff to suffer from bouts of frustration and anger that only increase when he is in a work environment. The Defendant argues that the Administrative Law Judge properly considered the effects of the Plaintiff's mental impairments.

In reviewing the Decision, the Court is inclined to agree with the Plaintiff that the Administrative Law Judge minimizes the significance of the Plaintiff's Personality Disorder. As the Plaintiff points out, the Administrative Law Judge repeatedly refers to this condition as "traits" (Tr. 23-24). While this fact may not appear significant when isolated, the overall tenor of the Administrative Law Judge's Decision suggests that he has given too little consideration to this impairment. In his Decision, the Administrative Law Judge states, "most of the mental health or vocational professionals have indicated that most of the claimant's work-related problems are related to his personality disorder rather than limited intellectual functioning" (Tr. 22-23). Clearly, the Commissioner has intended for Personality Disorders to be considered along with other recognized mental impairments. Indeed, Personality Disorders can serve as the entire basis of disability, as they are addressed in Listing 12.08. As such, it appears to the Court that the Administrative Law Judge provides too little explanation for the weight he gave to the Plaintiff's combination of mental impairments, especially in light of the dismissive statements contained within the Decision. The Court also cannot ignore the fact that the Plaintiff was found disabled by the Commissioner, based upon these exact mental limitations, both prior to and subsequent to this period of time being discussed herein.

The Plaintiff has argued that the Administrative Law Judge substituted his own impressions of the Plaintiff for the opinions of the trained experts. On remand, the Commissioner is cautioned to

avoid the temptation to play doctor. The Court believes that the cases cited by the Plaintiff, including Grimmett v. Heckler, 607 F.Supp. 502 (S.D.W.Va., 1985), Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974), and McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir. 1983), accurately reflect Fourth Circuit law with regard to the handling of expert opinions.

### V. *The Commissioner failed to meet his burden at Step Five of the Sequential Analysis.*

In every Social Security case, a five-step evaluation must be performed, pursuant to 20 C.F.R. §§ 404.1520 and 416.920, to determine whether a claimant is disabled. Through the first four steps of this sequential analysis, the burden falls on the claimant. At Step Five, the burden falls on the Commissioner to establish that, even if the claimant's impairment or impairments prevent him from performing his past relevant work, other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors. See 20 C.F.R. §§ 404.1520 and 416.920; see also Tr. 21.

In this case, the Plaintiff has argued that the Administrative Law Judge failed to meet his burden in proving that there is other work into which the Plaintiff can transfer. In reviewing the Plaintiff's arguments, along with the entire record, the Court agrees that there appears to be a fatal and unresolved conflict in the Vocational Expert's testimony that was relied upon by the Administrative Law Judge to support his Step Five conclusion. Because the Administrative Law Judge makes no effort to explain how, on one hand, he concludes that the Plaintiff cannot return to his past relevant work, generally described by the Vocational Expert as unskilled, SVP 2-level work, while, on the other hand, he concludes the Plaintiff can perform "other" work, generally described by the Vocational Expert as unskilled, SVP 2-level work.

In reviewing this case, the Magistrate Judge states he "cannot re-weigh evidence, resolve conflicts in the record, decide questions of credibility or substitute our own judgment for that of

13

the Commissioner" (Mag's Rep. at 28). The Court believes that the Magistrate Judge misunderstands what the Plaintiff was seeking. On its face, the Administrative Law Judge's conclusion appears to be based upon conflicting information. Given that it is the Commissioner's burden of proof at Step Five, and given the lack of discussion within the Administrative law Judge's Decision otherwise resolving this apparent conflict, the Magistrate Judge should have remanded this issue to the Commissioner for further proceedings.

The Magistrate Judge's handling of this issue would serve to make an Administrative Law Judge's Step Five conclusion immune from scrutiny, so long as there was a Vocational Expert present to testify. The Court believes that, as with the remainder of the Administrative Law Judge's Decision, the Step Five conclusion must be reviewed to assure that it is both supported by substantial evidence and based upon a correct application of the relevant law, as required by Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). In this case, the apparent conflict in the Vocational Expert's testimony prevents this Court from finding that the Commissioner has met his Step Five burden. As such, this matter must be remanded for further proceedings.

## VI. CONCLUSION

For the above reasons, after making its required *de novo* review, pursuant to 28 U.S.C. § 636(b)(1)(C), this Court believes that it would not be appropriate to adopt the Report And Recommendation filed by Magistrate Judge Seibert in this case. Rather, this Court believes that it is appropriate to **REMAND** the above-styled civil action to the Social Security Administration for a new hearing on the issue of the Plaintiff's eligibility for disability benefits. As such, the Defendant's Motion For Summary Judgment is hereby **DENIED**, and the Plaintiff's Motion For Summary Judgment is **GRANTED IN PART**. On remand, the Commissioner is instructed to

consider only that specific application time period covered by this civil action and not any period of disability awarded to the Plaintiff subsequent to the period of time addressed herein.

**IT IS SO ORDERED.**

The Clerk of Court is directed to transmit copies of this Order to counsel of record herein.

ENTER: *August 13th*, 2007.

*Robert T. Maxwell*
United States District Judge